**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br>JOHN S. KOUFOS and<br>MINDY B. KOUFOS<br><br>Debtors. | Chapter 7<br>Case No. 09-44158-MSH |

**MEMORANDUM OF DECISION ON DEBTORS' SECOND MOTION TO FURTHER DEFER DEBTORS' DISCHARGE AND ON APPROVAL OF DEBTORS' REAFFIRMATION AGREEMENT**

Before me are Debtor Mindy B. Koufos' reaffirmation agreement with respect to an auto loan and the Debtors' motion to further defer entry of their discharge to enable Ms. Koufos to finalize the reaffirmation agreement.

The Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, on October 2, 2009.  The meeting of creditors pursuant to Bankruptcy Code § 341 was held on November 10, 2009.  Ms. Koufos signed a reaffirmation agreement with American Honda Finance Corporation on December 30, 2009, and filed the agreement with the Court on January 15, 2010.

According to the reaffirmation agreement cover sheet, the Debtors' monthly income net of expenses is less than the amount of the monthly payment required under the agreement, which creates a rebuttable presumption of undue hardship under Bankruptcy Code § 524(m)(1).  After several continuances, I held a hearing on the reaffirmation agreement on June 24, 2010, during which the Debtors' counsel indicated that the presumption of undue hardship would be negated when the Debtors secured a modification of their home mortgage loan to reduce their monthly

1

mortgage payment. I agreed to defer entry of the discharge and continued the hearing on the reaffirmation agreement to give the Debtors additional time to complete a loan modification.

I have since deferred the entry of discharge once more, and now the Debtors seek a third extension. At a hearing on the Debtors' current request for the extension, the Debtors indicated that their mortgage loan had been transferred to a new servicer which required them to start the loan modification process from scratch. The process will undoubtedly take many months. In the meantime it is clear that Ms. Koufos cannot rebut the presumption of undue hardship with respect to her reaffirmation agreement.

The Debtors appear to have misconstrued the interplay between discharge and approval of a reaffirmation agreement. Bankruptcy Code § 524(c)(1) requires the reaffirmation agreement to be "made" prior to granting the discharge. "Made" means executed by one or both parties. Section 524(c)(1) does not require that the agreement be approved by the court prior to discharge. See, e.g., In re Edwards, 236 B.R. 124, 126 (Bankr. D.N.H. 1999) (holding that section 524(c)(1) "means what it says and therefore, to be enforceable, a reaffirmation agreement must be entered into pre-discharge."). Since the reaffirmation agreement between Ms. Koufos and American Honda was made on December 30, 2009 there is no need to further extend the entry of discharge.

Apart from the discharge issue, the Debtors continue to seek to buy time to enable them to rebut the undue hardship presumption so that I will approve the reaffirmation agreement. While Ms. Koufos is current on her auto loan payments, the Debtors fear that unless the loan is reaffirmed American Honda will enforce the so-called *ipso facto* clause in its loan agreement (which makes a bankruptcy filing an event of default) and repossess their car.

2

Bankruptcy Code § 521, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), expressly permits the enforcement of *ipso facto* clauses with respect to purchase money finance agreements secured by personal property when an individual debtor in a Chapter 7 case fails to take certain prescribed steps. Section 521(a)(2) requires the debtor to file a statement of his intention to reaffirm a secured debt or to redeem or surrender the underlying collateral on or before the earlier of thirty days from the filing of a bankruptcy petition or the date of the first meeting of creditors. If the debtor intends to retain the collateral, section 521(a)(6) mandates that the debtor enter into an agreement to reaffirm the debt or redeem the collateral within 45 days after the first meeting of creditors. If the debtor fails to meet these deadlines then under section 362(h), the collateral ceases to be property of the estate and the automatic stay is lifted. The lender is then permitted by section 521(d) to enforce any relevant *ipso facto* clauses and may "take whatever action as to such property as is permitted by applicable nonbankruptcy law," including repossessing the property, pursuant to section 521(a)(6).

Ms. Koufos did not sign the reaffirmation agreement until forty-nine days after the first meeting of creditors. As a result, the Debtors' car ceased to be property of the estate before the agreement was even signed and American Honda has had the right to enforce its *ipso facto* clause since that time. See In re Visnicky, 401 B.R. 61, 65 (Bankr. D. R.I. 2009) (finding that the automatic stay terminated with respect to a car when a reaffirmation agreement was filed 52 days after the meeting of creditors).

To date American Honda has not acted to enforce the *ipso facto* provision of its finance contract, even though the Debtors' car is not protected by the automatic stay. Presumably this is

because payments are current. Another probable reason is that Bankruptcy Code § 521(a)(6) only frees the lender to take action with respect to the collateral that is "permitted by applicable nonbankruptcy law," and Massachusetts law does not readily permit repossession of a motor vehicle when a borrower is not in monetary default.

Under Massachusetts law, the lender of a consumer auto loan may repossess its collateral without a hearing only if the "default is material and consists of the debtors [sic] failure to make one or more payments as required by the agreement or the occurrence of an event which substantially impairs the value of the collateral." Mass. Gen. Laws ch. 255B, § 20B(a). The Debtors' bankruptcy filing is, therefore, not a material default under state law and so long as Ms. Koufos remains current on her auto loan, American Honda may not repossess the car without notice and a hearing. Mass. Gen. Laws ch. 255B, § 20B(b). I am confident that no judge in Massachusetts would permit a car loan lender to repossess its collateral based on a default triggered by a prior bankruptcy filing where payments are current.

American Honda's passivity despite having received relief from stay under Bankruptcy Code § 362(h) almost a year ago should go a long way towards assuaging the Debtors' fears about any precipitous exercise of the *ipso facto* default clause. Under these circumstances a further lengthy delay in determining Ms. Koufos' reaffirmation agreement is unwarranted.

For the foregoing reasons I will disapprove Ms. Koufos' reaffirmation agreement and deny the motion to further defer the Debtors' discharge. Separate orders shall issue.

Dated: November 8, 2010

By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

4